UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LASHARAN S. AMOS,

                  Plaintiff,

    -against-

1199 SEIU HOME CARE INDUSTRY PENSION
FUND and CHIEF PENSION OFFICE
MICHAEL KAISER,

                  Defendants.

-----------------------------------------------------------X

**ORDER**
**09 CV 2344 (RJD)(LB)**

**BLOOM, United States Magistrate Judge:**

    To the extent that the Court is correctly interpreting plaintiff's letter dated February 9, 2010, plaintiff states that she has consented to trial by a magistrate judge and raises issue with the Court's denial of her application for pro bono counsel and the time it is taking the Court to adjudicate her case. See docket entry 31. The Court is aware that plaintiff has signed and submitted the form reflecting her consent to trial before a magistrate judge. However, consent to a magistrate judge for all purposes will not take effect unless all the parties consent and defendants have not here.

    The Court also liberally construes plaintiff's February 9, 2010 letter as a motion for reconsideration of its June 22, 2009 Order denying plaintiff's request for pro bono counsel. There is no right to counsel in a civil case. Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984). Therefore, the Court looks to a number of factors to determine whether it is appropriate to request a volunteer attorney for a particular case. The Court cannot compel an attorney to take a pro bono case. Mallard v. United States District Court, 490 U.S. 296 (1989). The Court must first consider whether the plaintiff's position is "likely to be of substance." Ferelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003). Plaintiff's

complaint does not establish the threshold requirement that her claim is "likely to be of substance" at this juncture. Therefore, upon reconsideration, plaintiff's application for pro bono counsel is again denied without prejudice.

In addition, the Court has reviewed the documents attached to plaintiff's February 9, 2010 letter. The documents refer to an incident with a New York City bus driver. Plaintiff points out that the doctor who prepared the evaluation incorrectly refers to plaintiff as a man. Although the Court understands plaintiff's position, these documents do not relate to plaintiff's pending case in front of this Court. As defendants' motion to dismiss this action is fully briefed, the Court will not consider any additional submissions. Furthermore, the Court makes every effort to decide motions as quickly as possible and plaintiff will be notified when a decision is made on the motion.

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: February 18, 2010
Brooklyn, New York